No. 2392.—J. WOODBRIDGE v. C. W. POPE et al.

The general rule is that a tutor can not transfer, by indorsement, the promissory notes, bills, or other paper held by him in his representative capacity, except by the advice of a family meeting; but such a transfer, it has been held, is not an absolute nullity, and if the indorser shows that the transfer was made in the interest of the minor in whose favor the rule is made, the title to the note is sufficiently established, and the holder may recover.

The tutor has no legal right to create a debt against the minors, or their estate, without the authority of the judge and the advice of a family meeting, Nor can the minors, or their estate, be held liable for a debt created by the sale of property to the tutrix in her individual capacity.

APPEAL from the Fifth District Court, parish of East Baton Rouge. Posey, J. Samuel P. Greeves and A. S. Herron, for plaintiff and appellee. Fuqua & Calliham, for defendants and appellants.

LUDELING, C. J. The plaintiff instituted this suit against C. W. Pope and his wife, Leonora F. Pope, residents of the State of Mississippi, and Mrs. C. G. Montgomery, wife of P. K. Montgomery, individually and as tutrix of her minor children by a former marriage, in solido, for the sum of one thousand six hundred and eighty-six dollars and forty cents, evidenced by two promissory notes, made by C. W. Pope, in favor of Mrs. Montgomery, tutrix, and by her transferred (through an agent) to the plaintiff, in the settlement of a debt due by the deceased father of her wards.

C. W. Pope and his wife excepted to the jurisdiction of the court

*ratione personæ.* The exception was sustained, and they are not before this court.

Mrs. Montgomery, also, filed an exception, alleging that on the face of the petition it appears that the notes in suit are not the property of the plaintiff; but that they belong to the minors, represented by her as tutrix.

Thereupon the plaintiff filed an amended petition, in which he stated that said notes were given in part to represent the price of property sold by order of the court to pay debts of the succession, and that they were transferred to him, as cash, in payment of acknowledged claims which he had against the succession. He also represented that the property, sold by order of court to pay debts of the succession, had been retroceded to Mrs. Montgomery by Pope, the purchaser, because he was unable to pay the price, and that in the act of retrocession, Mrs. Montgomery had acknowledged the title and possession of those two notes to be in the plaintiff, and that she was estopped from denying plaintiff's title ; and further, that the debt paid by the transfer of the aforesaid notes was a community debt, for which the community property was liable. To the amended petition Mrs. Montgomery and her cotutor excepted, on the grounds that the allegations of the amended petition were inconsistent with those of the original petition, as in the one she was sued individually and *in solido* with the other defendants; and in the other she was sued only in her fiduciary capacity; they prayed to have the amended petition dismissed, or to have plaintiff elect whether he will prosecute his claim against Mrs. Montgomery personally or as tutrix.

On the trial of the exception, the judge ordered that the exception be sustained so far as to strike out the demand against Mrs. Montgomery personally. In this ruling the plaintiff has acquiesced.

The answer of Mrs. Montgomery denies the title of plaintiff to the note; denies the authority of Seymour, the agent, to transfer them; denies all liability to plaintiff on the notes; and she pleads, in reconvention that the notes belong to her wards, and prays for judgment, ordering them to be delivered to her as tutrix. Subsequently the defendants pleaded the prescription of five years against the plaintiff's demands.

The evidence in the record establishes the following facts:

That John W. Seymour died in 1859, leaving a widow (the defendant) and two minor children ; that the estate being in debt, although solvent, the tutrix applied for an order to sell property of the succession to pay debts, and provoked a family meeting to fix the terms of the sale, which the family meeting did; that at the probate sale, C. W. Pope became the purchaser, paid the cash installment, and gave his notes, secured by mortgage on the property sold, payable in four annual installments, according to the terms of the sale; and that two of those

notes form the subject of this litigation; that the deceased had been the agent of plaintiff and had collected rents, for which he had not settled at the period of his death; that the amount of this indebtedness was fixed by arbitration, at a sum considerably less than that claimed by plaintiff; that the agent of the tutrix acknowledged the amount thus fixed as due by the estate, delivered to the agent of the plaintiff the two notes in suit, in part payment, and subsequently, on the order of the tutrix, paid four hundred dollars, the balance of the sum fixed by the arbitrators as the amount due plaintiff by the deceased; that Pope conveyed the property to his wife, as a *dation en payement;* and they, being unable to pay the price, transferred the property to Mrs. Montgomery, who, through her attorney, accepted the transfer, gave up the notes of Pope, which she held, and assumed to pay the two notes sued on.

The first question for solution, is the right of the tutrix to indorse over to the plaintiff the notes sued on, so as to give him title thereto.

The general rule is, that persons acting in a fiduciary capacity, such as syndics, executors, tutors, etc., have no right to tranfer, by indorsement, the promissory notes, bills and other paper held by them in their representative capacity, except under an order of court, and, in the case of tutors, with the advice of a family meeting. But this, like other general rules, is not without its exceptions. Thus it has been held that such a transfer is not an absolute nullity, and if the transfer be made in the interest of the party, in whose favor the restriction or rule is made, and this fact be proved by the tranferree, the *bona fide* ownership is established, and the holder may recover on the note. Nicholson, syndic, *v.* Chapman, 1 An. 222; McMasters *v.* Dunbar, 2 An. 577; 10 An. 210.

In this case, we have seen that property of the succession was ordered to be sold, with advice of a family meeting, to pay debts. Two of the notes, given for the price of the property, were used as money in discharge of an acknowledged debt of the succession. We can see nothing in this adverse to the interest of the minors, or of the succession. It is unnecessary to notice the question raised about the authority of the agent, Seymour, to make the transfer of the notes, as his act was ratified by the tutrix, who gave an order on him for four hundred dollars, the balance due, after giving the two notes. Nor is it necessary to inquire if the agent, who accepted the transfer from Pope and wife, for Mrs. Montgomery had authority to do so, for she has been in possession of the property, receiving the rents and revenues thereof ever since the transfer.

We find that the note, due in 1861, for $326 40, was prescribed when this suit was instituted.

We also find, from admissions filed in this court, that the mortgage, retained to secure the payment of the note for one thousand three

hundred and sixty dollars, has not been reinscribed since 1859, consequently it has perempted.

The only remaining question relates to the liability of the tutrix (or minors) under the assumpsit of Mrs. Montgomery in the act from Pope to her.

The transfer is made to her individually, but the consideration of the transfer of the property is stated to be the delivery of the notes of the purchaser, Pope, held by her as tutrix, and the assumption of the debt due by Pope to plaintiff for the two notes held by him.

As tutrix she had no right thus to create a debt against the minors, even if we admit that she had the right to take back the property and give up the notes, as she did, without the authority of the judge and the advice of a family meeting.

We are inclined to regard the act from Pope and wife, to Mrs. Montgomery, as a sale of the property to her individually; and we are of opinion that the minors are not liable in any manner for the debts claimed in this suit. The claim against Mrs. Montgomery personally having been dismissed, on exception, and acquiesced in, we can not pass upon her liability.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that the plaintiff's demand be rejected with costs of both courts.